PEOPLE ex rel. DANIEL J. TOWNSEND and Others, as Commissioners, etc., Appellants, v. PETER A. PORTER, as President and Others, as Trustees, etc., Respondents.

*Constitution — the legislature cannot transfer to a new civil department the property of an existing municipality, without compensation and without the consent of the municipality.*

Chapter 415 of 1881 declares certain territory therein described, which includes the villages of Niagara Falls and Suspension Bridge, and small parcels of land lying between them, to be "a separate police district to be known as the Niagara Police District," and provides for and establishes a police department therein. It then directs that "all lock-ups, station-houses or places for such detention in either of the villages of Niagara Falls or Suspension Bridge, in use at the time this act shall take effect, are hereby placed under the control and direction of the said board of police."

*Held*, that as the act attempted to create an independent civil division not known to the Constitution, and to transfer to it the property of incorporated villages without their consent and without compensating them therefor, it was unconstitutional and void. (Smith, P. J., dissenting.)

Appeal from an order made at the Erie Special Term denying a motion for a peremptory *mandamus* to compel the president and board of trustees of the village of Niagara Falls "to deliver up to Daniel I. Townsend and others, as commissioners of police in the Niagara Police District, the possession or control and direction of all lock-ups, station-houses or places of detention in the said village of Niagara Falls in use on the 28th day of May, 1881."

The police district was created and the board of police organized under chapter 415 of the Laws of 1881.

*Ellsworth & Potter*, for the appellants.

*Cyrus E. Doris*, for the respondents.

Hardin, J.:

Chapter 415 of the Laws of 1881 contains an act of the last legislature entitled "An act to establish the Niagara Police District and provide for the government thereof."

The act declares certain territory described therein which includes the villages of Niagara Falls and Suspension Bridge, and small

parcels of land lying between, "a separate police district to be known as the Niagara Police District," and it also declares a police department is hereby established therein, and a police justice and three police commissioners shall be appointed for the same with the powers and duties in this act provided."

The sixteenth section of the act contains the following provision, viz.: "And all lock-ups, station-houses or places for such detention in either of the villages of Niagara Falls or Suspension Bridge, in use at the time this act shall take effect, are hereby placed under the *control* and direction of the said board of police."

Thus we have a clear attempt to create an independent civil division not known to the Constitution, and to transfer to and deliver over to it by a legislative act the property of incorporated villages without the consent of said villages and without compensation to them.

The legislature has no such power conferred upon it, and its act is in excess of its discretion and power. The property of the municipality cannot thus be transferred to such a new organization. Such an act is in violation of the Constitution.

The principles laid down by the Court of Appeals in *People ex rel. Bolton* v. *Albertson* (55 N. Y., 50) condemn the act under consideration. It was therefore properly held, as stated in the opinion of the learned judge at Special Term, to be unconstitutional and void. The president and trustees of Niagara Falls were justified in refusing to surrender control of the lock-ups and property belonging to their corporation.

The *mandamus* was properly denied. And I therefore advise the affirmance of the order made at Special Term.

Order affirmed, with costs.

Dwight, J., concurred.

Smith, P. J., dissents, being of the opinion that the case is distinguishable from *The People ex rel. Bolton* v. *Albertson* (55 N. Y., 50), and is controlled by *The People ex rel. Wood* v. *Draper* (15 N. Y., 532) and *The People* v. *Shepard* (36 N. Y., 285), the latter case being regarded as not having been overruled by the Albertson case.

Order appealed from affirmed, with costs.